UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
|---|---|---|---|

| Title | In re Robert Magid<br>USA v Robert Magid, et al. |
|---|---|

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Ellen Matheson for Karla J. Tunis | | Deborah Parker |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Thomas Coker, AUSA | | Christian Kim |

**Proceedings:** Hearing on Bankruptcy Appeal

Cause called and the parties make their appearances. The Court's tentative ruling is issued. The Court and parties confer. The tentative ruling becomes the order of the Court, as follows:

The United States of America ("Government") appeals from the Bankruptcy Court's order entered on April 11, 2013, granting a motion brought by the Chapter 7 Trustee ("Trustee") to release proceeds from the sale of real property to the debtor, Robert Magid ("Magid"). For the following reasons, the Bankruptcy Court's order is REVERSED.

## I.     Background

On February 7, 2012, Magid filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On February 24, 2012, Magid filed a Summary of Schedules, including Schedule A (Real Property), listing his principal residence in Santa Clarita, California, which he valued at $198,000.00. Subsequent to the meeting of creditors pursuant to 11 U.S.C. § 341, Magid disclosed a second parcel of real property, also in Santa Clarita, California, which he valued at $319,000.00. The disclosure resulted in Magid amending his schedules. Magid received his discharge on December 17, 2012.

Prior to the filing of the bankruptcy petition, the Internal Revenue Service ("IRS") had filed with the Los Angeles County Recorder's Office seven separate notices of federal tax lien against Magid. After the filing of the bankruptcy petition, the IRS filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
| Title | In re Robert Magid<br>USA v Robert Magid, et al. | | |

the bankruptcy case a proof of claim and an amended proof of claim. Both proofs of claim asserted secured claims for penalties in the aggregate amount of $63,316.40, which were secured by the prepetition federal tax liens ("tax lien penalties").

On November 6, 2012, the Trustee filed a motion for an order to avoid the tax lien penalties and authorize the sale of Magid's two parcels of real property free and clear of liens and encumbrances. On December 10, 2012, the Bankruptcy Court entered an order granting the motion, thereby avoiding the tax lien penalties pursuant to 11 U.S.C. § 724(a) and authorizing the sale of Magid's real property. The Bankruptcy Court ordered that all liens and encumbrances, including the avoided liens held by the IRS, attached to the proceeds of the sale.

The Trustee sold Magid's real property pursuant to 11 U.S.C. § 363 for a total of $810,000.00. By the avoidance and sale motion, the Trustee carved out an amount of $126,632.80, consisting of $63,316.40 as "Avoided Tax Penalties Preserved for the Benefit of the Estate," and $63,316.40 for "Tax Penalties with Priority over Homestead."[1] However, the IRS was not paid any portion of the tax penalties.

The Trustee determined Magid's homestead exemption to be in the amount of $100,000.00. After distributing proceeds from the sale of Magid's real property to various secured creditors, but not to the IRS, the Trustee paid Magid $44,390.46 on account of the homestead exemption. On March 13, 2013, the Trustee moved to distribute another $55,609.54 to Magid to satisfy the homestead exemption.[2] The Bankruptcy Court granted the opposed motion and the Government timely appealed.

---

[1] According to the Trustee, she "later determined that the estate's request for the preservation of the additional $63,316.40 held for distribution in accordance with priority was effectively a 'double-dip' for the estate." (Opp'n Br. 2-3.)

[2] The Trustee represented that the estate has approximately $89,650.93.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
|---|---|---|---|

| Title | In re Robert Magid<br>USA v Robert Magid, et al. | | |
|---|---|---|---|

## II.   Legal Standard

This Court has jurisdiction to hear this bankruptcy appeal under 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

This Court reviews de novo the Bankruptcy Court's conclusions of law and questions of statutory interpretation. In re Acequia, Inc., 787 F.2d 1352, 1357 (9th Cir. 1986). The Bankruptcy Court's factual findings are reviewed for clear error. Fed. R. Bankr. P. 8013; In re Acequia, Inc., 787 F.2d at 1357.[3]

## III.  Discussion

As a preliminary matter, the Court finds that the Government has waived its argument regarding improper service of the Trustee's motion to avoid the tax lien penalties.[4]

The Bankruptcy Code allows debtors to set aside certain property as exempt from the claims of creditors. Section 522(c) governs the treatment of exempt property. It provides, in relevant part:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, *except* –
> . . .
>     (2) a debt secured by a lien that is –

---

[3] The material facts of this case are undisputed.

[4] See Record at 127-28. The Bankruptcy Court acknowledged improper service of the Trustee's motion and gave the Government an opportunity to address it; however, the Government declined to do so at the hearing and therefore submitted to the court's jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
|---|---|---|---|

| Title | In re Robert Magid<br>USA v Robert Magid, et al. |
|---|---|

(B) *a tax lien*, notice of which is properly filed.

11 U.S.C. § 522(c)(2) (emphasis added). The United States Court of Appeals for the Ninth Circuit has interpreted 11 U.S.C. § 522(c)(2) as follows:

> § 522(c)(2)(A) indicates that a debt secured by a lien that is avoided pursuant to § 724(a) . . . does not remain attached to exempt property. Had Congress left it at that, it would appear that tax penalties would be removed. *But Congress did not. Instead, it carefully added § 522(c)(2)(B) which brings back the whole of any tax lien.* That explicit language belies any argument that the debtor can escape a part of the tax lien.

In re DeMarah, 62 F.3d 1248, 1252 (9th Cir. 1995) (emphasis added).[5] In addition to the "plain reading of the statute," the Ninth Circuit relied on its legislative history, which indicates that Congress created avoidances of noncompensatory penalties to protect unsecured creditors, not debtors. Id. at 1252.

Here, the parties do not dispute that the Trustee appropriately avoided the tax lien penalties for the benefit of the estate pursuant to § 724(a). Rather, their dispute involves the distribution of proceeds from the sale of Magid's real property that remained *after* the distribution of funds from the avoided tax lien penalties. The Government contends that the Bankruptcy Court erred in distributing the remaining funds to Magid to satisfy the homestead exemption before the IRS on account of the avoided tax lien penalties. (Mot. Br. 15.) On the other hand, the Trustee contends that "by virtue of the avoidance of the tax lien penalties for the benefit of the estate, the homestead is no longer obligated to pay for the avoided tax lien penalties." (Opp'n Br. 1.)

The Bankruptcy Court erred in granting the Trustee's motion to distribute the

---

[5] "Congress could hardly have been more direct in declaring" that "property exempted from the estate remains subject to tax liens." DeMarah, 62 F.3d at 1251. The Ninth Circuit also explained that the Internal Revenue Code does not distinguish between the tax and penalties. Id. at 1252 ("Nothing in § 522(c)(2)(B) divides a tax lien into separate components. The whole amount owed is covered by the lien.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
|---|---|---|---|

| Title | In re Robert Magid<br>USA v Robert Magid, et al. | | |
|---|---|---|---|

remaining funds to Magid. In reaching this conclusion, this Court relies primarily on In re DeMarah, 62 F.3d 1248 (9th Cir. 1995), and In re Dwight M. Bolden, 327 B.R. 657 (Bankr. C.D. Cal. 2005). In DeMarah, after interpreting § 522(c), as discussed *supra*, the Ninth Circuit held that "Congress has denied debtors the right to remove tax liens from their otherwise exempt property," and that "even the penalty portion of the tax lien remains fixed on the property." DeMarah, 62 F.3d at 1252. The Circuit therefore affirmed the district court's decision that the debtor could not avoid or set aside his liability for tax penalties. Id. Citing In re Isom, 901 F.2d 744, 746 (9th Cir. 1990), the Circuit rejected the debtor's argument that its decision would frustrate the Bankruptcy Code's "fresh start" policy. Id. ("In defining fresh start, Congress took cognizance of the fact that tax liens would survive.").

Bolden is more factually similar than DeMarah to the present case. In Bolden, the IRS had filed several tax liens against a debtor's property. 327 B.R. at 659. The debtor filed a Chapter 7 bankruptcy petition and claimed a homestead exemption. Id. at 659-60. The trustee and the IRS argued that avoided tax liens would come ahead of the debtor's homestead exemption for purposes of distribution of proceeds from the sale of the debtor's property. Id. at 662. The Bankruptcy Court agreed, explaining that "[t]he homestead exemption does not have precedence over the tax liens." Id. at 662-63. Citing § 522(c)(2), the Bankruptcy Court explained that "exempt property, such as that represented by [the debtor's] homestead exemption claim, *remains liable for debts secured by a lien that is not avoided or for which a notice of such things as a federal tax lien has been filed*." Id. at 662 (emphasis added).[6] The Bankruptcy Court concluded that the avoided tax liens were to be distributed pursuant to 11 U.S.C. § 726. Id. at 666.

Here, the Trustee appropriately avoided the tax lien penalties for the benefit of the estate pursuant to § 724(a). By doing so, the Trustee was able to distribute $63,316.40 of estate property to various secured creditors, but not to the IRS. According to the

---

[6] In Bolden, the Bankruptcy Court noted that DeMarah was "not directly applicable because it is a § 505 case in which the debtor [not the trustee] sought to avoid and set aside tax penalties once the IRS began collection activity against the debtor's property." Bolden, 327 B.R. at 663 n.5. Although DeMarah is factually distinguishable from this case, the Ninth Circuit's interpretation of § 522(c) is applicable, and indeed binding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date | September 9, 2013 |
|---|---|---|---|
| Title | In re Robert Magid<br>USA v Robert Magid, et al. | | |

Government, with the exception of the IRS, all of Magid's creditors were paid in full. The Bankruptcy Court was then confronted with the issue of how to distribute the remaining funds. The Bankruptcy Court granted the Trustee's motion to distribute $55,609.54 to Magid to satisfy the homestead exemption before the IRS on account of the avoided tax penalty liens. That decision was an error.

As the Ninth Circuit explained in DeMarah, Congress added § 522(c)(2) to "bring[] back the whole of any tax lien," even one that has been avoided pursuant to § 724(a). DeMarah, 62 F.3d at 1252. And in Bolden, the Bankruptcy Court explained that a debtor's homestead exemption remains liable for "debts secured by a lien . . . for which a notice of such things as a federal tax lien has been filed." Id. at 662 327 B.R. at 662. Therefore, although the tax lien penalties were avoided, they were "brought back" by § 522(c)(2) and Magid remained liable for them.

The authority cited by the Trustee does not support her position that the IRS's secured claims for tax penalties were satisfied "by virtue of the avoidance of the tax lien penalties." Section 551 of the Bankruptcy Code provides that "[a]ny transfer avoided under section . . . 724(a) . . . is preserved for the benefit of the estate but only with respect to property of the estate. 11 U.S.C. § 551. But "nothing in section 724(a) affects the allowance of the underlying claim. To the extent the underlying claim constitutes an allowed claim, it will remain eligible to receive distributions in accordance with section 726(a)." Collier on Bankruptcy ¶ 724.02[3] (16th ed.); see also 11 U.S.C. § 724. The Trustee also cites Bruning v. United States, 317 F.2d 229, 230 (9th Cir. 1963). In Bruning, the Ninth Circuit did not consider § 522(c). Furthermore, Bruning seemingly supports the Government's position because the Circuit acknowledged that Congress has "decided the problems of [certain] others," including the government, "override the value of giving the debtor a wholly new start in life." See id. at 231.

Although Congress intended for the Bankruptcy Code to provide debtors like Magid with a fresh start, it also intended for debtors to remain liable for their tax debts, including penalties. See DeMarah, 62 F.3d at 1252; Isom, 901 F.2d at 746. The tax lien penalties were avoided by the Trustee for the benefit of Magid's creditors, not Magid. The remaining funds from the proceeds of the sale of his property should have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 13-02603-JVS<br>2:12-bk-14460 BB | Date   September 9, 2013 |
| Title | In re Robert Magid<br>USA v Robert Magid, et al. | |

distributed to the IRS to satisfy the tax penalty liens. See 11 U.S.C. § 726(a)(6).

## IV.  Conclusion

   For the foregoing reasons, the Bankruptcy Court's order is REVERSED.

   IT IS SO ORDERED.

|  |  | 00 | : | 10 |
|---|---|---|---|---|
| | Initials of Preparer | enm | | |